Clancy, Appellant, v. Yellow Cab Company.

440

Argued October 11, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Joseph A. Keough,* for appellant.

*M. Randall Marston,* and with him *John J. K. Caskie,* for appellee.

OPINION BY LINN, J., November 18, 1922:

The plaintiff was non-suited in his action to recover a repair bill of $116.85 for damage to an automobile that was struck by defendant's taxicab. We think the evidence should have been submitted to the jury to pass on plaintiff's alleged ·contributory negligence

and the alleged negligence of defendant. The circumstances were peculiar. Plaintiff's car, with others in front and behind it, was parked on the left or west side of 16th Street between Market and Filbert Streets, Philadelphia, in a block where the street is arched over to support the Pennsylvania Railroad viaduct. A street car track was constructed in the middle of the street. Between the street car track and the east curb the street was under repair and closed to traffic. Plaintiff testified that his car was parked "150 to 200 feet" north of Market Street and close to a car parked ahead. Desiring to drive away, he entered his car, started the engine and looked back toward Market Street for approaching traffic. It was on a June afternoon and he could see to Market Street and states that nothing was approaching in 16th Street and that he saw traffic moving east and west on Market Street; that he "had to see-saw around some to get out," and that after he had done that, and before he "got into the tracks," as he started out from the line of parked automobiles, he looked—apparently his second look— toward Market Street, saw that no traffic was approaching and then moved forward, intending to go northward towards Filbert Street, and that when "the right hand wheels were about half way in the centre of the track ......" the defendant's taxicab, moving north on 16th Street in the street car tracks, struck his car, pushed it aside, and stopped "about 4 or 5 cars ahead of me." He attempts to state the interval between the time that he looked toward Market Street before driving his car out within the line of the street car tracks and the time of the collision at "about 15 seconds possibly." He states that within half a minute after the collision the taxicab driver "came back and told me he did not see me ......." In cross-examination counsel referred to 16th Street under the Pennsylvania viaduct as a tunnel, and in answer to an inquiry whether "the tunnel was dark," plaintiff replied, yes.

The plaintiff called the taxicab driver as a witness and he testified that he drove into 16th Street from Market.

We have then a case in which all of the street east of the car track is impassable because undergoing repair, with a line of parked automobiles along the west curb in a tunnel described as dark,—rather an indefinite expression in the circumstances. The facts are not so clear as to enable the court to declare that plaintiff was guilty of contributory negligence, or that defendant was not negligent; on the contrary, the jury may find from the evidence that plaintiff exercised due care in driving from his parked position into the portion of the street in which he could move northward; that his positive testimony that he looked immediately before going into the street car tracks in which the defendant's taxicab subsequently approached and saw that no traffic was moving from Market Street, absolved him from contributory negligence, and that the failure of the taxicab driver after he turned into 16th Street to see plaintiff's car ahead of him in his line of travel was the failure to exercise that care which the taxicab driver moving in such conditions of travel was bound to exercise.

Judgment reversed and new trial awarded.